SAVOIE, Judge.
This suit is an action to fix the boundary between the parties’ properties.
On November 23, 1977, plaintiff, appearing as Testamentary Executrix of the Succession of Stella Gill Daniel and as Provisional Administratrix of the Succession of Louis Tebo Daniel, filed suit to have a court-appointed survey made of the disputed property to establish a boundary between them. Subsequently, Ned Wilson was appointed by the court to inspect the premises described, survey the same, and report to the court according to law. Mr. Wilson requested that both parties be present at the site on January 4, 1978 to present to him all title papers in their possession concerning the property. Based upon these titles and according to the law, Mr. Wilson completed a survey.
Subsequently, plaintiff filed a petition for a rule nisi directing Mr. Wilson to show cause why the commission issued to him should not be revoked, vacated, and set aside for his failure to report to the court timely. Thereafter, Mr. Wilson made a report to the court concerning his findings. He determined that the boundary between the two properties should be set as follows:
“... to commence at the Northwest corner of the Northeast Quarter of the Northwest Quarter of Section 10, Township 3 South, Range 10 East, St. Helena Meridian, Louisiana, and the point of beginning, thence South 28 degrees 46 minutes East, 1029.0 feet to the Right of Way Marker on the North margin of La. 16.”
Thereafter, defendant, upon motion to the court, asked that the process verbal of Mr. Wilson be homologated and admitted into evidence according to law. Such motion was opposed by plaintiff. Defendant then answered plaintiff’s petition alleging that he had possessed the property in dispute for a period in excess of 10 years under color of title.
On March 3, 1980, trial was had on the merits. In its oral reasons for judgment, the court ordered Mr. Wilson to amend his survey to comply with the court's order.[1] *1094 Thereafter, Mr. Wilson submitted to the court the following boundary description which was signed by the court. It provided that the boundary line should be set as follows:
“Commence at the Southwest corner of the Northeast Quarter of the Northwest Quarter of Section 10, Township 3 South, Range 10 East, St. Helena Meridian, Louisiana, and measure: North 00 degrees 35 minutes East, 356.4 feet (5.4 chains) along the West line of the Northwest Quarter of the Northwest Quarter of Section 10 to a point; thence North 78 degrees 10 minutes East, 609.7 feet to an iron stake set on the West right-of-way of the Franklinton-Amite Highway, which iron stake is a corner common to the aforementioned estates. This corner being South 36 degrees 11 minutes East, 994.8 feet along the boundary separating the estates, from the Northwest corner of the Northeast Quarter of the Northwest Quarter of Section 10, as per plat of survey by Ned R. Wilson, dated March 28, 1978, revised September 1, 1980.”
Defendant appeals, asserting that the trial court erred in: (1) not finding defendant was the possessor of all the disputed property, (2) not finding defendant was the owner of the disputed property by title, (3) not finding any questions insofar as defendant’s title which was cured by 10-year acquisitive prescription, (4) not using the monument of the highway right-of-way marker, described in the deed from L. Tebo Daniel to the Louisiana State Department of Highways as the corner of the Western boundary of defendant, (5) concluding plaintiff proved a good title rested in L. Tebo Daniel and Stella Gill Daniel to any part of the disputed property, and (6) not accepting the survey, process verbal or opinion of Mr. Wilson.
Appellee urges that the survey made by Mr. Richard R. Porter accurately reflects the proper boundary line between the parties. She further asks the court to amend the trial court’s decision to reflect such boundary. Mr. Richard R. Porter, plaintiff’s surveyor, found that the boundary line should be set as follows: Commence at the Northwest corner of the Northeast Quarter of the Northwest Quarter of Section 10, Township 3 South, Range 10 East, and proceed South 47 degrees 36 minutes East for a distance of 980.3 feet.
Subsequently, defendant answered plaintiff’s brief, asking the trial court to amend its judgment to reflect the boundary line between the parties to be in accordance with the survey accomplished by Mr. Porter. Further, defendant asks that Mr. Porter’s survey be read in conjunction with the survey plat of Mr. Wilson, the court-appointed surveyor, to read as follows:
“Commence at the Northwest corner of the Northeast Quarter of the Northwest Quarter of Section 10, Township 3 South, Range 10 East, and proceed South 46 degrees 54 minutes East for a distance of 980.3feet, more or less, to the edge of the Franklinton-Amite Highway (presently known as Louisiana Highway 16).” (Emphasis added).
We remand this case back to the trial court for a proper determination of the boundary line in accordance with its previous order for the following reasons. First, the court required that Mr. Wilson mark out a 10-chain distance from the 5.4 chain call-out point to the highway. Such distance measures 660 feet.[2] As the distance indicated on Mr. Wilson’s amended survey measures 609.7 feet (See Appendix I), we find Mr. Wilson’s survey fails to meet the court’s order. Secondly, although the parties now agree that the survey of Mr. Porter accurately reflects the boundary between the parties, they disagree as to its exact direction (i.e., South 47 degrees 36 *1095 minutes East or South 46 degrees 54 minutes East).
We find that in this instance, only a remand back to the trial court for a proper survey will serve justice. Therefore, for the above and foregoing reasons, we remand this case back to the trial court to have a survey accomplished and the boundary set in accordance with its previous order. All costs of this litigation are to be fixed by the trial court after remand.
REMANDED.
*1096 APPENDIX I
[[Image here]]

. "I instructed the Court appointed expert to commence at the southwest corner of the northwest quarter of the northeast — of the northeast quarter of the northwest quarter of this section, proceed then northly along the quarter section lines five point four chains as called for by the deeds involved, and from that point to strike an arc such that that arc would intersect the old highway right-of-line — highway right-of-way line within that northeast quarter of the northwest quarter of the section, and to make a point such *1094 that ten chains would intersect a point fifteen feet west of the old right-of-way line.
"Having established this point, I want the Court appointed expert to then draw a straight line to the northwest corner of the northeast quarter of the northwest quarter, and this would be the judgment of the Court."

. One chain measures 66 feet. Black’s Law Dictionary 208 (5th ed. 1979).